# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Crystal Yaw,<br><br>          Plaintiff,<br>v.<br><br>United Collection Bureau, Inc.<br><br>          Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(3), and 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et. seq.* ("MOC") by Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4. Plaintiff Crystal D. Yaw is a natural person who resides in the Township of Ionia, County of Ionia, State of Michigan, is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff is "person" as defined by 47 U.S.C. § 153(39).

6. Plaintiff is a "debtor" as the term is defined by M.C.L. § 339.901(f).

7. Plaintiff is a "consumer" as the term is defined by M.C.L. § 339.901(f).

8. Defendant United Collection Bureau, Inc. ("UCB") is a foreign corporation that maintains a registered office in Ingham County, Michigan, with a domestic registered agent at 601 Abbot Road, East Lansing, Michigan.

9. Defendant UCB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant UCB is a "collection agency" as that term is defined by M.C.L. §339.901(b).

11. At all times relevant to this complaint, Defendant UCB was and is a "person" as defined by 47 U.S.C. § 153(39).

12. At all relevant times to this complaint, the phone number ending in 8559, was and is a number assigned to a cellular telephone service 227(b)(1)(A)(iii).

13. At all times relevant to this complaint, Defendant UCB has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

14. Defendant UCB at all times relevant to the complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

15. Defendant UCB at all times relevant to the complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

16. At all times relevant to this complaint, Defendant UCB has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

17. At all times relevant to this complaint, Defendant UCB has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTUAL ALLEGATIONS

18. In the past several years, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA and MOC, namely a balance owed in relation to professional medical services rendered.

19. Sometime after the debt was incurred, Plaintiff became unable to pay, and subsequently defaulted.

20. After the Plaintiff defaulted on her obligation, the debt was transferred, assigned, or otherwise placed with Defendant UCB for collection.

21. After growing tired of the numerous pre-recorded calls and messages she was receiving, Plaintiff revoked consent on multiple occasions, to receive calls on the phone number ending in 8559, in 2014.

22. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about April 4, 2014.

23. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about April 17, 2014.

24. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about May 22, 2014.

25. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about July 5, 2014.

26. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about July 9, 2014.

27. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about July 15, 2014.

28. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about July 22, 2014.

29. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about July 24, 2014.

30. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about October 6, 2014.

31. Defendant called Mrs. Yaw at the phone number ending in 8559 on or about October 10, 2014.

32. Defendant UCB would leave pre-recorded voicemail messages at the phone number ending in 8559.

33. Defendant UCB would transmit pre-recorded messages to the phone number ending in 8559.

34. Mrs. Yaw felt harassed by the number and frequency of calls by Defendant UCB.

35. Mrs. Yaw felt abused by the number and frequency of calls by Defendant UCB.

36. Mrs. Yaw felt annoyed by the number and frequency of calls by Defendant UCB.

37. Defendant UCB would place calls where the caller ID would read "419" and leave messages asking Mrs. Yaw for a return call.

38. Defendant UCB cannot be reached by dialing "419."

39. Pursuant to 47 U.S.C. § 227(e)(1) it is unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value, unless such transmission is exempted pursuant to paragraph (3)(B).

40. Within four years immediately preceding the filing of this lawsuit, Defendant UCB left pre-recorded voicemail messages for Plaintiff at the phone number ending in 8559.

41. Within four years immediately preceding the filing of this lawsuit, Defendant UCB telephoned Plaintiff at the phone number ending in 8559, on numerous occasions using an automatic telephone dialing system.

42. Within four years immediately preceding the filing of this lawsuit, Defendant UCB telephoned Plaintiff at the phone number ending in 8559, on numerous occasions using an automatic telephone dialing system.

43. On numerous occasions, when the Plaintiff would answer the phone, she would hear a recorded or synthesized message.

44. On other occasions, when the Plaintiff would answer the phone, she would hear nothing and the call would disconnect.

45. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of anger, embarrassment, loss of sleep, emotional distress, frustration, and upset, along with other negative emotions.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

49. Defendant violated 15 U.S.C. § 1692c(a)(1) each time it placed a call to Mrs. Yaw after she informed Defendant UCB not to call her at the phone number ending in 8559.

50. Defendant UCB violated 15 U.S.C. § 1692d by engaging in conduct with the natural consequence of which is to harass, oppress, or abuse Mrs. Yaw in connection with the collection of a debt, each time it called Mrs. Yaw after Mrs. Yaw revoked consent to be called by UCB.

51. Defendant UCB violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging Mrs. Yaw in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Mrs. Yaw through the number and frequency of calls made to Mrs. Yaw.

52. Defendant UCB violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging Mrs. Yaw in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Mrs. Yaw, each time it called Mrs. Yaw after Mrs. Yaw revoked consent to be called at the 8559 number.

53. Defendant UCB violated 15 U.S.C. § 1692d by using a false, deceptive, or misleading representation in connection with the collection of any debt each time UCB violated 47 U.S.C. § 227(e)(1), which makes it unlawful for UCB

to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information.

54. Defendant UCB violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect, or attempt to collect any debt, each time it violated the TCPA.

55. Defendant UCB violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect, or attempt to collect any debt, each time it displayed its caller identification as "419."

56. Defendant UCB violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect, or attempt to collect any debt, by continuing to call the 8559 number after Mrs. Yaw revoked consent to be called on that number.

57. Defendant UCB violated 15 U.S.C. § 1692g(a)(1)-(5) by failing to send Plaintiff a written notice of the amount of the debt within five days of the initial communication.

58. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

**COUNT II.**
**VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227** *et seq.*

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

95. Within the four year period immediately preceding this action, the Defendant made numerous calls, which include, but are not limited to the dates and times previously referenced in this Complaint, to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

96. Within the four year period immediately preceding this action, UCB violated 47 U.S.C. § 227(e)(1).

97. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

98. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

99. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

100. Defendant made such calls willfully.

101. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff by Defendant.

102. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff by Defendant pursuant to 47 U.S.C. § 227(b)(3).

103. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

105. Defendant violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner each time UCB caused "419" to show as the caller identification number.

106. Defendant violated M.C.L. § 339.915(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim when UCB caused "419" to show as the caller identification number.

107. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt by calling the 8559 number continuously or repeatedly.

108. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt through the volume and/or frequency of calls placed to Mrs. Yaw.

109. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt each time it called Mrs. Yaw after Mrs. Yaw revoked consent to be called at the 8559 number.

110. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant's employees.

111. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT II.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on the phone number ending in 8559 using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT III.
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq*.

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

                                              Respectfully submitted,

                                              GOLDEN LAW OFFICES, P.C.

Dated: June 30, 2015

                                              /s/ B. Thomas Golden
                                            B. Thomas Golden (P70822)
                                            Attorney for the Plaintiff
                                            2186 West Main Street
                                            P.O. Box 9
                                            Lowell, Michigan 49331
                                            Telephone: (616) 897-2900
                                            Facsimile: (616) 897-2907
                                            btg@bthomasgolden.com